ELIZA LUNT, by guardian, *vs.* JOSEPH STIMPSON.

Cumberland.   Opinion March 9, 1882.

*Review.   Costs.   Practice.   R. S., c. 89, § 15.*

The judge who orders judgment for the prevailing party in an action of review must determine whether in his opinion justice requires that such party should recover the costs to which he would have been entitled in the origi-

nal action had he then prevailed, and the decision of such judge upon this question is conclusive and cannot be reversed by this court on exceptions.
If he makes no order to the contrary, then, by the provisions of § 15, c. 89, R. S., the prevailing party shall have judgment for such costs with the other sums to which he is entitled.

ON EXCEPTIONS.

Review of an action of trover which was once reported in 70 Maine, 250.

The opinion states the case.

*C. P. Mattocks*, for the plaintiff, cited : *Dunlap* v. *Burnham*, 38 Maine, 112 ; *Crehore* v. *Pike*, 47 Maine, 435 ; *Curtis* v. *Curtis*, 47 Maine, 525 ; *Dyer* v. *Wilbur*, 48 Maine, 287.

*Henry Orr*, for the defendant, cited : same case, 70 Maine, 250 ; *Dyer* v. *Wilbur*, 48 Maine, 287 ; *Jay* v. *Carthage*, 48 Maine, 353 ; *Tibbetts* v. *Shaw*, 19 Maine, 204 ; R. S., c. 89, § 12 ; c. 82, § 104.

BARROWS, J. It is not now an open question whether substantial justice would not have been as well done if the judgment originally rendered had been left unreviewed ; nor whether if the plaintiff's cause had been more discreetly managed in the first instance much of the cost which has now accumulated might not have been saved.

It is true that there is danger of a miscarriage of justice when a case comes to trial upon a review, after the death of a witness upon whom the party originally prevailing had relied ; it is also true that care ought always to be taken in the granting of reviews to impose such conditions as will prevent pertinacious litigants from taking advantage of their own laches to oppress their adversaries with costs ; but these are questions and considerations to be addressed to the judge who hears the petition for review, and when he has settled them as matters of discretion, his conclusions can not be revised by this court on exceptions.

The only question before us on these exceptions is, whether judgment was entered for the plaintiff in review for the sums which she was legally entitled to recover, she having obtained upon the trial in review a verdict in her favor, and no legal objection being interposed to the entry of a proper judgment upon

the verdict. In the original suit the defendant had judgment against her for his costs. Upon the review the presiding justice ordered judgment to be entered in her favor for a sum equal to the amount of the verdict she had obtained, and the amount of this judgment against her for costs, with interest from the date of its rendition, and the further sum of one hundred and thirty-four dollars and five cents, being the sum which she would have been entitled to recover as costs in the original action had she then prevailed, the amount of the judgment recovered by the defendant for costs in the original suit, and interest, (the same never having been paid by the plaintiff,) to be offset *pro tanto* against this, and execution to issue in her favor for the balance.

This seems to be in strict accordance with the provisions of R. S., c. 89, § § 11, 12 and 15, unless we are to understand that the statement in the exceptions that the judge "ruled as matter of law" that the plaintiff was entitled to these sums, signifies that he held her so entitled without regard to his own opinion on the question whether justice required that she should have what she would have been entitled to recover as costs in the original action.

We do not find that defendant's counsel in his argument claims that the exceptions should be so construed, though he dwells much upon the injustice of allowing the plaintiff costs which she heaped up by her own irregular and improper management. But the question whether justice required that she should recover those costs, was for the presiding justice and his opinion on that question must be regarded as conclusive. The mandate of § 15 is that they shall be recovered "unless the court shall otherwise order."

Here it does not appear that the court did otherwise order, but the contrary, and the refusal to make the order necessary for his relief appears to be the basis of the defendant's complaints.

In *Brown* v. *Cousens*, 51 Maine, 307, this court, after passing upon the exceptions taken to the instructions given at the trial on the review, remarked that as no reason was given why the defence of the statute of limitations upon which the defendant finally prevailed had not been set up in the original action, the

defendant ought not to recover costs in that proceeding; but there the question had not been passed upon at *nisi prius*; and it does not thence follow that, when it has been so passed upon, the correctness of the judge's decision can be re-examined on exceptions.

The provisions touching this matter in § § 12 and 15, c. 89, taken together, mean that the judge in ordering judgment for the successful party in review shall inquire and determine whether such party ought in justice to have costs in the original action, but unless he otherwise orders it shall be taken for granted that in his opinion justice does require it.

*Exceptions overruled.*

APPLETON, C. J., WALTON, DANFORTH, VIRGIN and SYMONDS, JJ., concurred.